ST. PAUL, Justice.
 

 On April 1,1920, E. H. Richard, Mrs. H. P. Richard (his mother),’A. H. Arceneaux, and Conrad C. Horecky (the defendant) formed a commercial partnership to do a general merchandising and advancing business at Church Point, La. Defendant was to put up, and did put up, a stock of merchandise inventoried at $9,000, and each of the other partners was to put up an equal amount in cash. The profits were to be divided equally, and the defendant was to be manager and receive $125 per month for his services.
 

 The other three partners did not put up the sum they agreed to’ furnish, but only half the amount. But some satisfactory agreement was reached by the parties, and that feature is not involved in the case.
 

 I.
 

 Some 30 months later, to wit, about the end of December, 1922, it was found that the business had not prospered and could not pay its creditors. Horecky, and Horecky’s father, offered to take over the business, but Richard and his mother preferred to take over the business themselves, and bought out Horecky and Arceneaux, assuming all the liabilities of the dissolved firm of Richard, Horecky & Co.
 

 About a year later the new firm failed, but managed to pay off or otherwise satisfy all its creditors.
 

 II.
 

 Richard then conceived the idea that Horecky had been robbing the firm (Richard, Horecky & Co.), and shortly afterwards employed a firm of public accountants to look into its affairs. These accountants examined the books and papers of the firm, and ma.de outside inquiries, and at the end of 16 months reported that defendant was liable to the firm for some eight items aggregating $997.02.
 

 Thereupon Richard himself, not being satisfied, rummaged further among the private papers of the defendant, which he had left behind him on retiring from the firm, found his private bank statements, added up the total of the deposits which he had made during the existence of the partnership, and, finding that they aggregated $16,911.26, assumed, and now charges, that this amount was stolen by him from the firm.
 

 III.
 

 Of course the trial judge did not allow this
 
 *803
 
 claim. Aside from the fact that some $4,000 was shown to he money which defendant had collected (on crops) for some farmers, to whom he paid it over át .once, and the further fact that defendant had a large business of his own before going into the partnership with plaintiff, wherein he had made large advances which he was then collecting and wherein he was liquidating his own business, there is no evidence in this record that any part of this money was paid to him for account of the partnership; and, further, there is no evidence that the partnership failed to recover any sum whatever advanced by it to farmers and families; in other words, there is no evidence which even suggests that there is any money still due the partnership for advances, although plaintiff’s theory is that defendant was advancing partnership funds and collecting his own advances out of the funds thus advanced. The trial judge saw no merit in this claim, and we see no error in his conclusion.
 

 IV.
 

 Of the eight other items claimed, the trial judge allowed three, aggregating $610.-60. We have examined this record, and the evidence leaves it quite doubtful to our minds whether the evidence warrants the allowance of even these items. However, the trial judge heard and considered the case over a period of nearly 2 years, and it has not been pointed out to us that he manifestly erred either in allowing these three items or in rejecting the others; and his judgment as to all these items will be affirmed.
 

 V.
 

 This case was filed June 13, 1925. At that tíme E. H. Richard was interested to the extent of eight-fourteenths, to wit, seven-fourteenths in his own right and one-fourteenth as one of the seven heirs of his mother, then deceased. On June 7, 1926, E. H. Richard compromised and discontinued his claim. Nine months later, to wit, on March 21, 1927, the case was put at issue (of course, as to the other plaintiffs only, representing six-fourteenths of the claim). From February 20, 192S, to May 25, 1928, the evidence was heard. On June 18, 1928, the case was argued, briefs to be submitted later. Fifteen months later, to wit, on September 3, 1929, the briefs were filed and the case submitted.
 

 Of course by that time the trial judge had completely overlooked the fact that E. H. Richard had discontinued his own claim over 3 years before. Accordingly, on September 30, 1929, his final judgment was a general one in favor of “the plaintiffs named in the petition,” for the full amount which he found the defendant owed, instead of a judgment for all the plaintiffs named in the petition
 
 except
 
 E. I-I. Richard (who had ’ discontinued his claim), and only for six-fourteenths of the amount duo by defendant.
 

 One year after this judgment (less a few. days), to wit, on September 27, 1930, the “plaintiffs” appealed; 'and defendant has answered the appeal, asking that the claims of plaintiffs be entirely rejected or reduced to the proper amount. And we think that he is entitled to a reduction to the extent indicated above.
 

 Decree.
 

 For the reasons assigned, the judgment appealed from is amended so that it be in favor only of “the plaintiffs named in the pe
 
 *805
 
 tition,”
 
 other than E. E. Richard,
 
 and only for six-fourteenths of the amount allowed below. And, as thus amended, said judgment is affirmed. Appellants to pay the costs of this appeal and defendant to pay the costs of the court below.